UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

David Easley,
    Plaintiff

    vs

Mary Highfield, et. al.,
    Defendants

Case No. 1:06-cv-865

**REPORT AND RECOMMENDATION**
(Dlott, J.; Hogan, M.J.)

This matter is before the Court on Defendant's (Fugit) Motion for Judgment on the Pleadings (Doc. 16) and Plaintiff's Motion to Oppose Defendants Motion for Judgment. (Doc. 18).

## BACKGROUND

Plaintiff is a prisoner in the custody of the Ohio Department of Rehabilitation and Corrections ("ODRC") placed at the Southern Ohio Correctional Facility ("SOCF") in Lucasville, Ohio. Plaintiff brings this prisoner civil rights action under 42 U.S.C. §1983 against SOCF corrections officer Rebecca Fugitt.[1]

Plaintiff's Complaint alleges that on July 7, 2006, Defendant Fugit took Plaintiff's legal documents resulting in the dismissal of his claims against Defendant Hughes in *Easley v. Croft*, Case No. 1:06-cv-431. The docket with respect to the *Croft* case indicates that, on September 14, 2006, as part of the screening order required under the PLRA, the Court *sua sponte* dismissed Hughes as a defendant because Plaintiff had failed to exhaust his administrative remedies. Plaintiff claims that Defendant Fugitt took Plaintiff's legal documents in order to prevent Plaintiff from exhausting his administrative remedies.

Defendants, in their Motion to Dismiss, argue that Plaintiff has failed to state a claim on which relief may be granted.

---

[1] While Mary Highfield has also been named as a defendant in this action, she has not been properly served with a summons and copy of the Complaint. Therefore this Report and Recommendation does not address Plaintiff's Complaint as it pertains to Defendant Highfield.

## OPINION

The purpose of a motion made pursuant to Rule 12(c) based on Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993), citing *Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987). To that end, for purposes of a motion to dismiss under the Rule, the complaint must be construed in a light most favorable to the nonmoving party and its allegations taken as true. *See Scheuer v. Rhodes*, 416 U.S. 232 (1974); *Miller v. Curris*, 50 F.3d 373, 377 (6th Cir. 1995). To survive a motion to dismiss under Rule 12(b)(6), "a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)(citations and internal quotation marks omitted). As the court stated in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Consequently, a complaint will not be dismissed under Rule 12(b)(6) unless no law supports the claim made, the facts alleged are insufficient to state a claim, or an insurmountable bar appears on the face of the complaint. Thus, the Court is not concerned at this time with resolving the facts or the merits of the case, but rather the formal sufficiency of the statement of the claim for relief. *See Klusty v. Taco Bell Corporation*, 909 F.Supp. 516 (S.D.Ohio 1995).

It is well settled that a prisoner has a constitutional right of access to the courts which a state may not abridge nor impair. *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Wolff v. McDonnell*, 418 U.S. 539, 576, 579 (1974); *Cruz v. Beto*, 405 U.S. 319, 321 (1972). Such access to the courts must be "adequate, effective, and meaningful." *Bounds*, 430 U.S. at 822. Meaningful access embraces the right to adequately prepare and file the necessary legal documents. *Bounds*, 430 U.S. at 823-24; *Johnson v. Hubbard*, 698 F.2d 286, 288 (6th Cir. 1983), *cert. denied*, 464 U.S. 917 (1983). This right of access must be freely exercisable without hindrance. *Patterson v. Mintzes*, 717 F.2d 284, 288 (6th Cir. 1983). Restricted times, places, and manner in which inmates may engage in legal research and preparation of legal papers are constitutional so long as the regulations do not frustrate access to the courts. *Walker v. Mintzes*,

771 F.2d 920, 932 (6th Cir. 1985).

Where plaintiff alleges a denial of access to the courts, he must make some showing he was actually impeded in an existing or contemplated legal proceeding. *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985). Plaintiff must allege "with specificity how he was adversely affected or how the litigation was prejudiced by the confiscation." *Vandiver v. Neimi*, Case No. 94-1642 (6th Cir. Dec. 2, 1994) 1994 U.S. App. LEXIS 34257, *4. Plaintiff alleges that, on July 7, 2006, Defendant Fugitt took Plaintiff's legal documents resulting in the dismissal of his claims against Defendant Deborah Nixon-Hughes in Case No. 1:06-cv-431. However, as Defendant argues, Plaintiff fails to identify an actual injury sustained as a result of the alleged unconstitutional acts of Defendant. While Defendant Hughes was dismissed from the Croft case, the dismissal was without prejudice to Plaintiff re-filing upon a showing that he had exhausted his administrative remedies. Plaintiff exhausted his administrative remedies and subsequently re-filed his claims against Defendant Hughes. (*See Easley v. Nixon-Hughes*, Case No. 1:06cv863). Thus Plaintiff has failed to demonstrate that Defendant Fugitt's actions have impacted his access to the courts. *See McCurtis v. Wood*, No. 03-1146, 2003 WL 22146130 *2 (6th Cir. Sept. 11, 2003)(citing *Lewis v. Casey*, 518 U.S. 343, 352-53 (1996)).

### IT IS THEREFORE RECOMMENDED THAT

1) Defendants' Motion for Judgment on the Pleadings (Doc. 16) be GRANTED.
2) Plaintiff's Complaint be DISMISSED as to Defendant Fugitt.

Date: 9/30/2008

Timothy S. Hogan
United States Magistrate Judge

**NOTICE TO THE PARTIES REGARDING THE FILING
OF OBJECTIONS TO THIS R&R**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten (10) days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen (13) days (excluding intervening Saturdays, Sundays, and legal holidays) in the event this Report is served by mail, and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation are based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☐ Agent<br>☐ Addressee |
| | B. Received by (Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>David Easley 306-400<br>PO Box 45699<br>Lucasville, OH 45699 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered     ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee)  ☐ Yes | |
| 2. Article Number<br>(Transfer from service label) | 7007 0710 0000 8134 9168 | |
| PS Form 3811, August 2001 | Domestic Return Receipt | 102595-02-M-1540 |

1: 06 cv 865 (Doc. 20)